IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| SHERRA ROBINSON WRIGHT, As Guardian and Custodian of the Six Minor Children of LORENZEN VERN-GAGNE WRIGHT (DECEASED), more specifically, On Behalf of L.W., L.S.W., L.V.G.W, S.V.G.W., L.V.G.W., and S.S.S.W., | ) ) ) ) ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 11-02607 |
| THE CITY OF GERMANTOWN, TENNESSEE; THE CITY OF GERMANTOWN POLICE DEPARTMENT; THE GERMANTOWN POLICE DISPATCHERS CLAUDIA KELNEY-WOODS and CHRIS ROWLSON, AND THE SUPERVISOR OF SAME, LT. DONALD TAYLOR, In their Individual Capacities; THE TOWN OF COLLIERVILLE, TENNESSEE; and THE TOWN OF COLLIERVILLE POLICE DPEARTMENT, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**ORDER GRANTING DEFENDANT TOWN OF COLLIERVILLE'S MOTION TO DISMISS FOR FAILURE TO PROSECUTE AND FAILURE TO COOPERATE IN THE DISCOVERY PROCESS**

Before the Court is Defendant Town of Collierville's ("Collierville") December 26, 2012 Motion to Dismiss for Failure to Prosecute and Failure to Cooperate in the Discovery Process. (Mot. to Dismiss, ECF No. 41.) On December 26, 2012, the Court

entered an Order to Show Cause why Collierville's Motion should not be granted. (First Order, ECF No. 42.) On April 4, 2013, the Court entered a second Order to Show Cause. (Second Order, ECF No. 43.) Plaintiff Sherra Robinson Wright ("Wright") has not responded. For the following reasons, Collierville's Motion to Dismiss is GRANTED.

I. **Background**

On July 18, 2011, Wright filed a complaint against Collierville and the other Defendants alleging state law negligence and violations of the Fourteenth Amendment rights of the Plaintiff's decedent under 42 U.S.C. § 1983. (ECF. No. 1.) On July 19, 2011, Wright filed an amended complaint. (ECF No. 4.) Collierville filed an answer to Wright's amended complaint on September 16, 2011. (ECF No. 13.) On September 16, 2011, Defendant Collierville Police Department filed a Motion for Summary Judgment. (ECF No. 14.) Wright did not respond. The Court granted the Collierville Police Department's unopposed Motion on September 5, 2012. (ECF No. 38.) On October 6, 2011, Defendant Germantown Police Department filed a Motion for Summary Judgment. (ECF No. 18.) Wright did not respond. The Court granted the Germantown Police Department's unopposed Motion on January 24, 2012. (ECF No. 29.)

Collierville alleges that Wright has never submitted her initial disclosures as required by Federal Rule of Civil

Procedure 26(a). (Mot. to Dismiss.) It further alleges that Wright did not respond to its request that she appear for a deposition and that she has never given a deposition in this case. (Id.) Collierville also alleges that Wright's Counsel of Record was suspended from the practice of law by the Board of Professional Responsibility of the Tennessee Supreme Court as of June 26, 2012, and that Wright's Counsel failed to comply with the Board's Order that she advise Collierville of the suspension. (Id.)

On August 1, 2012, neither Wright herself nor any counsel for Wright appeared at a status conference held by the Court. (ECF No. 35.) The Court stayed all deadlines to allow Wright time to secure substitute counsel. (Id.) On August 22, 2012, Wright's case was consolidated with Marion v. City of Germantown, 2:11-cv-2609. (ECF No. 36) On December 12, 2012, Collierville submitted to the Court that Wright's Counsel of Record was no longer practicing law and that no appearance had been entered by other counsel. (ECF No. 40.) On December 26, 2012, Collierville filed its Motion to Dismiss for Failure to Prosecute. (ECF No. 41.) On December 26, 2012 the Court entered its first Order to Show Cause why Collierville's Motion should not be granted. (ECF No. 42.) After Wright failed to respond to the first Order, the Court considered the possibility that notice of the Order had been sent only to Wright's previous

3

Counsel of Record and not to Wright herself, who is proceeding pro se. The Court entered a second Order to Show Cause on April 4, 2013, which was sent to Wright's last known address. (ECF No. 43.) Wright has not responded.

**II. Standard of Review**

Federal Rule of Civil Procedure 41(b) allows a Court to dismiss a lawsuit for failure to prosecute. Harmon v. CSX Transp., Inc., 110 F.3d 364,366 (6th Cir. 1997). Federal Rule of Civil Procedure 37(c)(1) allows a Court to dismiss for failure to provide required disclosures and failure to cooperate in the discovery process. Fed. R. Civ. P. 37.

Involuntary dismissal is a "'harsh sanction which the court should order only in extreme situations showing a clear record of delay or contumacious conduct by the plaintiff.'" Shavers v. Bergh, No. 12-1793, 2013 U.S. App. LEXIS 4601, at *4 (6th Cir. Mar. 5, 2013) (quoting Carver v. Bunch, 946 F.2d 451, 454 (6th Cir. 1991)). Whether to dismiss a plaintiff's case for failure to prosecute is in the discretion of the Court. See Id. at *3-4. When a defendant seeks dismissal under Rule 41(b) the Court should consider:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

4

Schafer v. City of Defiance Police Dep't, 529 F.3d 731, 737 (6th Cir. 2008). Where a plaintiff is "inexcusably unprepared to prosecute the case Rule 41(b) dismissal is particularly appropriate." Shavers, 2013 U.S. App. Lexis 4601, at *4 (quoting Knoll v. AT&T Co., 176 F.3d 359, 364 (6th Cir. 1999)).

"Willfulness, bad faith, or fault is demonstrated when a plaintiff's conduct evidences 'either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings.'" Id. at *5 (quoting Schafer, 529 F.3d at 737). A defendant is "'prejudiced by the plaintiff's conduct where the defendant waste[s] time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" Id. at *6 (quoting Schafer, 529 F.3d at 737) (modification in original). Neither a lack of notice of possible dismissal nor a failure to articulate a court's consideration of lesser sanctions is controlling when a district court's Rule 41(b) dismissal is reviewed on appeal for abuse of discretion. See Id. at * 7-9.

**III. Analysis**

Involuntary dismissal for failure to prosecute is appropriate in this case. Wright has not taken any action to advance the prosecution of this case since November of 2011. (See ECF No. 24.) Wright's failure to file responsive pleadings, appear before the Court, or participate in discovery

5

shows at least a reckless disregard for the effect of her conduct on the proceedings in this case.  See Shavers, 2013 U.S. App. Lexis 4601, at *5.  The willful nature of Wright's conduct is clear in her failure to act even after the Court stayed its deadlines to accommodate her need to secure replacement counsel.  Wright's conduct has been prejudicial to Collierville.  Collierville has expended time and money pursuing Wright's required initial disclosures and deposition testimony.  See Id. at *6.  Wright's lack of cooperation is particularly problematic given Collierville's continuing obligation to defend itself in the Marion companion case.

    Wright was warned that her conduct could result in dismissal.  The Court's first and second Orders to Show Cause explicitly state the possibility that her case will be dismissed if she does not provide a satisfactory explanation for her failure to act, and the second Order was entered specifically to ensure that Wright herself had notice.  (First Order; Second Order.)  Based on Wright's total failure to prosecute her case, any sanction less drastic than dismissal would have no meaningful effect and would not cure the prejudice to Collierville.  Wright's conduct in this case demonstrates a clear record of delay and a refusal to comply with the Federal Rules of Civil Procedure and the Orders of this Court.  Collierville's Motion is GRANTED.

**IV. Conclusion**

For the foregoing reasons, Collierville's Motion to Dismiss for Failure to Prosecute and Failure to Cooperate in the Discovery Process is GRANTED. Wright's claims against Defendant Collierville are DISMISSED.

So ordered this 22nd day of April, 2013.

                                      s/ Samuel H. Mays, Jr.\_\_\_\_\_
                                      SAMUEL H. MAYS, JR.
                                      UNITED STATES DISTRICT JUDGE